IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00658-CMA

GLENWOOD SPRINGS CITIZENS' ALLIANCE,

    Plaintiff, and

GARFIELD COUNTY BOARD OF COUNTY COMMISSIONERS,

    Plaintiff-Intervenor,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR,
DAVID BERNHARDT, in his official capacity as Secretary of the Interior,
UNITED STATES BUREAU OF LAND MANGEMENT,
WILLIAM PENDLEY, in his official capacity as Acting Director of the BLM,
JAMIE CONNELL, in her official capacity as Colorado BLM State Director, and
LARRY SANDOVAL, JR., in his official capacity as Field Manager of the BLM's
Colorado River Valley Field Office,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY

This matter is before the Court on Plaintiff's Motion for Leave to Conduct Limited Discovery (Doc. # 14). The Motion is granted in part and denied in part.

### I.  BACKGROUND

This is an action for judicial review under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706. Plaintiff, a Glenwood Springs citizen group, contends that Defendants, the Bureau of Land Management (BLM) and the U.S. Department of the

1

Interior (DOI), violated federal mining law by allowing a company to mine a local quarry without proper approval. (Doc. # 1). Plaintiff now challenges Defendants' decision to allow mining at the quarry. (Doc. # 1, pp. 41-42).

Defendants moved to dismiss the case "for lack of subject matter jurisdiction and/or failure to state a claim." (Doc. # 10). To bring an action for judicial review under the APA, a plaintiff must allege that the defendant took "final agency action for which there is no other adequate remedy in court." 5 U.S.C. § 704. Defendants argue that the Complaint fails to allege "final agency action" because it "does not identify what [agency] actions and decisions it is challenging." (Doc. # 10, p. 3 (internal quotations omitted)).

Rather than filing a response, Plaintiff filed a Motion for Leave to Conduct Limited Discovery. (Doc. # 14). Plaintiff argues that it should be allowed to conduct jurisdictional discovery before responding to the Motion to Dismiss.

## II.   ANALYSIS

Discovery is generally not allowed in APA cases because the court's review of agency action is limited to the administrative record. *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579-80 (10th Cir. 1994). There is, however, a narrow exception to the no-discovery rule: courts may allow limited discovery a party challenges the court's jurisdiction to hear the case. *See Dennis Garbert & Assocs., Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 774 n.4 (10th Cir. 1997). "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised

by that motion." *Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1326 (10th Cir.2002) (internal quotation omitted).

Plaintiff argues that it is entitled to discovery because Defendants have challenged this Court's jurisdiction. (Doc. # 14). Defendant counters that its Motion did not raise any factual issues, and that discovery is therefore unnecessary. (Doc. # 15, p. 3). The Court agrees with Plaintiff.

To establish jurisdiction to pursue an APA claim, the plaintiff must show that the defendant took a "final agency action" that is subject to review in federal court. *Pennaco Energy, Inc. v. U.S. Dept. of Interior*, 377 F.3d 1147, 1155 (10th Cir.2004). Plaintiff's Complaint alleges that Defendants took a final, reviewable action (Doc. # 1, pp. 41-42), but Defendants' Motion to Dismiss argues that "there has not yet been any [agency] action" that would be subject to review. (Doc. # 10). Thus, Defendant's Motion to Dismiss raises a factual question as to whether Defendants engaged in any action that would be subject to review under the APA. Therefore, Plaintiff is entitled to conduct limited discovery to determine whether Defendant engaged in such action. *Sizova*, 282 F.3d at 1326.

Plaintiff requests up to ten interrogatories, up to ten requests for admission, and up to ten requests for production. Plaintiff has failed to justify such expansive discovery. The factual question raised by Defendants' motion is very narrow: was there a final agency action as defined by the APA, or wasn't there? Plaintiff has not provided any acceptable reason why it would need up to thirty separate discovery requests to answer such a straightforward question. Therefore, the Court will allow Plaintiff half of the

discovery it seeks: up to five interrogatories, up to five requests for admission, and up to five requests for production. These discovery requests should be narrowly tailored to address the factual issues raised by Defendants' Motion to Dismiss.

Plaintiff shall have fourteen days from the date of this order within which to send its discovery requests to Defendants. Defendants shall then respond in the time provided by the applicable discovery rules.

Pursuant to the parties' Joint Case Management Plan (Doc. # 9), Plaintiff shall file its response to the Motion to Dismiss within thirty days after receiving Defendants' discovery responses. Defendants shall file their reply within 21 days after the response is filed.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Conduct Limited Discovery (Doc. # 14) is **GRANTED IN PART** and **DENIED IN PART**. The Court **ORDERS** that Plaintiff may send up to 5 interrogatories, up to 5 requests for admission, and up to five requests for production to Defendants. It is

**FURTHER ORDERED** that Plaintiff shall have 14 days from the date of this order to send its discovery requests to Defendants. It is

**FURTHER ORDERED** that Defendants shall respond to Plaintiff's discovery requests within the time provided by the discovery rules. It is

**FURTHER ORDERED** that Plaintiff shall file its response to the Motion to Dismiss (Doc. # 10) within 30 days of receiving Defendants' discovery responses. Defendants shall file their reply within 21 days thereafter.

DATED: March 10, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge